837 F.2d 1097
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Saleem FAROOQ, Peter Ackermann, Jozef Drabek, Laurenz
Gsell, Odd Kristiansen and Rudolph Wehrli.
 No. 87-1438.
 United States Court of Appeals, Federal Circuit.
 Dec. 22, 1987.
 
 Before MARKEY, Chief Judge, FRIEDMAN, Circuit Judge, and BALDWIN, Senior Circuit Judge.
 DECISION
 MARKEY, Chief Judge.
 
 
 1
 The decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences (board), affirming the examiner's final rejection of claims 1-5 and 8 of patent application Serial No. 501,457, under 35 U.S.C. Sec. 102, is reversed. The case is remanded for consideration of the examiner's Sec. 103 rejection in light of Farooq's 37 CFR 1.132 declaration by Dr. Scheurer.
 
 OPINION
 
 2
 Though a reference disclosing a generic structure or formula for organic compounds may be anticipatory, see In re Schaumann, 572 F.2d 312, 197 USPQ 5 (CCPA 1978), the board's finding that Davis anticipates the Farooq subject matter (because claim 3 of Davis "focuses on", "expresses a preference" for, or "points to" the "claimed subject matter" of the Farooq application) is clearly erroneous. Davis discloses a single compound incorporating ethynyl as the chosen alkynyl group. That disclosure does not anticipate the use of every one of 41 possible alkynyl substitutions, let alone the propynyl substitution used by Farooq. Davis discloses and claims a broad genus employing six generic subgenera and encompassing over 500,000 possible compounds. If one skilled in the art would infer the use of other compounds of the same group from Davis, there is nothing present in that reference to suggest that such substitution should be limited to the R2 subgenus as opposed to any of Davis' five other subgenera.
 
 
 3
 The solicitor's reliance on In re Schaumann, 572 F.2d at 312, 197 USPQ at 5, and In re Petering, 301 F.2d 676, 133 USPQ 275 (CCPA 1962) is misplaced. In Schaumann the reference disclosed a genus limited to a single variable with 14 possibilities, 572 F.2d at 316, 197 USPQ at 9, and in Petering anticipation was found in the pattern of specific preferences emerging from the disclosure of a series of preferred "R" groups and eight specific compounds. 301 F.2d at 681, 133 USPQ at 279. The Davis reference contains no disclosure comparable to those in Schaumann and Petering.
 
 
 4
 Because the board did not consider the Scheurer affidavit and Sec. 103 obviousness rejection, we will not decide those matters de novo but will remand the case to the board. See In re Pearson, 494 F.2d 1399, 1402 n. 3, 181 USPQ 641, 644 n. 3 (CCPA 1974). We need not and do not decide whether the board's Sec. 102 rejection constituted a "new rejection."